# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6566 | **DATE** | December 14, 2007 |
| **CASE TITLE** | Timothy Doyle Young (#60012-001) v. United States | | |

**DOCKET ENTRY TEXT:**

Plaintiff Timothy Doyle Young's civil rights complaint and *in forma pauperis* application filed in this Court are not on this Court's forms and do not provide sufficient information to allow his case to proceed forward. Plaintiff is given 30 days from the date of this order to: (1) either pay the $350 filing fee or submit an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2), and (2) submit an amended complaint on this Court's form in accordance with N.D. Ill. Local Rule 81.1. Plaintiff's current *in forma pauperis* motion [3] is denied without prejudice and his complaint is dismissed without prejudice to Plaintiff filing another *in forma pauperis* application and an amended complaint within 30 days of the date of this order. The clerk shall forward to plaintiff an *in forma pauperis* application and an amended complaint form. Plaintiff's failure to comply with this order may result in dismissal of this case without prejudice. Fed. R. Civ. P. 41; N.D. Ill. Local Rule 3.3.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiff Timothy Doyle Young (#60012-001), currently incarcerated in a federal penitentiary in Florence, Colorado, has filed a civil rights complaint, naming the United States as defendant and alleging that his letters to the Chicago Tribune about mistreatment of prisoners at his place of confinement were rejected.

     The clerk of this court has accepted Plaintiff's complaint for docketing pursuant to Fed. R. Civ. P. 5(e). However, Plaintiff filed his complaint without payment of the $350 filing fee or submission of a completed application to proceed *in forma pauperis*. His "IFP Statement" stating that he "has no cash" is insufficient for this Court to grant him *in forma pauperis* status. Effective April 26, 1996, the Prison Litigation Reform Act ("PLRA") significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee. If a prisoner is unable to prepay the $350 filing fee, he may proceed only if this Court grants him *in forma pauperis* status, wherein the Court assesses an initial partial filing fee and authorizes deductions from his prison trust fund account to pay the remainder of the fee in installment payments. This Court requires that persons seeking leave to file *in forma pauperis* file their motions on a prescribed form. Local Rule 3.3. The form requires the inmate to obtain a certificate from a prison or jail official stating the amount of money the inmate has on deposit in his prison or jail trust fund account for a period of six months prior to the time he filed his complaint. The inmate must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The information provided on the *in forma pauperis* form and in the accompanying trust fund account statement enable the Court to determine whether Plaintiff may proceed as a pauper and to assess the initial filing fee. Plaintiff has submitted neither an *in forma pauperis* application, nor the six month trust account statement, nor a certificate by an authorized officer at the jail.

**(CONTINUED)**

     isk

**STATEMENT (continued)**

Additionally, Plaintiff's complaint is not on this Court's form as required under N.D. Ill. Local Rule 81.1, and his claim, as currently alleged, does not state a valid claim for relief. Plaintiff states that he sent three letters to the Chicago Tribune newspaper with information about mistreatment of prisoners at the federal penitentiary in Florence, Colorado. He states that the letters were rejected. Plaintiff names the United States as defendant. Although the tampering with or refusal to deliver mail by prison mailroom workers may state a valid civil rights claim, *see Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir.1993); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996), Plaintiff's complaint alleges simply that his letters were "rejected." Such an allegation does not sufficiently state a claim that his mail is being mishandled. Also, Plaintiff's complaint does not indicate that anything occurred in the Northern District of Illinois, such that his suit may be brought in this Court. *See* 28 U.S.C. §§ 1391, 1402 (under federal rules of venue, a federal civil action must be brought in the district either where one of the defendants resides or where a substantial part of the tort occurred or, if the United States is a defendant, either where the plaintiff resides or where the tort occurred).

Accordingly, the Court dismisses Plaintiff's complaint without prejudice to Plaintiff submitting an amended complaint on this Court's form. The amended complaint must state a valid claim for relief and the reasons for Plaintiff bringing this suit in this Court, such as any action or inaction supporting his claim occurring in the Northern District of Illinois or a party's residence in this district. Plaintiff is advised that an amended complaint supersedes an original or previously filed complaint. Plaintiff should include in an amended complaint all of the claims he seeks to raise and list all of the defendants he seeks to sue. This Court will not refer back to earlier complaints and pleadings to determine Plaintiff's claims and the parties to this action.

If Plaintiff wants to proceed with this case, within 30 days of the date of this order, he must: (1) either pay the full $350 filing fee or submit a completed *in forma pauperis* application with a certificate signed by an authorized officer and a copy of his jail trust fund account showing all activity for the six-month period before filing this suit, and (2) submit an amended complaint on this Court's form, sufficiently stating a claim that Defendant mishandled or tampered with Plaintiff's mail, and stating the grounds upon which venue is proper in this Court. Failure to comply with this order within 30 days of the date of the order may be construed as Plaintiff's desire not to proceed with this case and may result in dismissal of this case without prejudice.